**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Nolte, | No. CV-22-01072-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Petitioner Steve Nolte's Petition for Writ of Habeas Corpus (Doc. 1). Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed with prejudice and that a certificate of appealability be denied. (Doc. 16.) Petitioner filed his Objections and Supplemental Objections to the R&R. (Docs. 21, 22)

Before addressing the R&R, the Court will rule on Respondent's Motion to Strike (Doc. 23) and Petitioner's Motion for an Evidentiary Hearing (Doc. 20). Respondent moves to strike Petitioner's Objections and Supplemental Objections to the R&R because Petitioner exceeded the ten-page limit as provided for in Local Rule of Civil Procedure 7.2(e) and (m). (Doc. 23 at 1.) Leave of Court is required to exceed that limit. LRCiv 7.2(e)(3). Here, Petitioner's Objections span nineteen pages, and his Supplemental Objections span eight pages. (Doc. 21; Doc. 22.) He did not receive leave of Court to exceed the ten-page limit. (*See id.*) *Pro se* pleadings, however, are generally to be held "to a less stringent standard than briefs by counsel" and to be read "generously, 'however

in artfully pleaded.'" *Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). Despite the Rule 7.2(e) violation, the Court will consider Petitioner's objections. Accordingly, Respondent's Motion to Strike will be denied. *See Raghav v. Wolf*, 522 F. Supp. 3d 534, 538 (D. Ariz. 2021) (considering the petitioner's 18-pages of objections even though petitioner violated Local Rule 7.2(e)).

Petitioner also moves for an evidentiary hearing. (Doc. 20.) "[T]he standard [for a § 2254 petitioner] to expand the state-court record" by way of an evidentiary hearing "is a stringent one." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). "If a prisoner has 'failed to develop the factual basis of a claim in State court proceedings,' a federal court 'shall not hold an evidentiary hearing on the claim unless the prisoner satisfies one of two narrow exceptions, and demonstrates that the new evidence will establish his innocence 'by clear and convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(2)). For one of the "two narrow exceptions" to be triggered, the petitioner's claim "must rely on (1) a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by this Court, or (2) 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" *Id.* at 381 (quoting § 2254(e)(2)(A)). Petitioner has not demonstrated that either exception applies to his claims. Rather, Petitioner's Motion is merely a reiteration of his habeas petition and reply. (*See* Doc. 20.) Accordingly, the Court will deny Petitioner's Motion.

## I. BACKGROUND

The Court now considers Petitioner's Writ of Habeas Corpus and the R&R. The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 16 at 1–3.) Neither party has objected to this portion of the R&R, and the Court hereby accepts and adopts it. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Petitioner presented four grounds for relief to the Magistrate Judge, contending:

> (I) the 18-year delay between his indictment and trial violated his Sixth Amendment right to a speedy trial;

      (II) his Fourteenth Amendment right to due process was violated because there was insufficient evidence and he is actually innocent;

      (III) he was denied a meaningful opportunity to present a complete defense, in violation of the Sixth Amendment and the Due Process Clause; and

      (IV) he was denied his rights to due process, equal protection, and access to the courts because the prison library is "deficient of legal materials" and, as a result, the Arizona Court of Appeals declined to review the denial of his petition for post-conviction relief because he "did not follow case law . . . that modifies [Arizona Rule of Criminal Procedure] 32.16(c)(2)(D)."

(Doc. 16 at 3 (citing Doc. 5 at 1–2).) The Magistrate Judge rejected the Petition as untimely by 3.5 months, and specifically rejected Grounds I and III as procedurally defaulted, Ground IV as not presenting a cognizable habeas claim, and Ground II as procedurally defaulted and lacking merit. (Doc. 16 at 9–16.)

  Petitioner first argues that his petition is timely because it was filed one year after the Arizona Court of Appeals issued its mandate, and that *Melville v. Shinn* does not apply in this case because it violates the *Teague* non-retroactivity doctrine. (Doc. 21 at 11.) Petitioner also contends that he is entitled to equitable tolling because the COVID-19 pandemic was an "extraordinary circumstance." (*Id.* at 12.) Further, Petitioner asserts that his petition is timely because he is "factually innocent." (*Id.*) Petitioner also objects to the R&R's findings that his claims are procedurally defaulted, arguing that the Arizona Court of Appeals "confused the standards of review" and misapplied *State v. Roseberry*, 237 Ariz. 507 (2015), instead of Ariz. R. Crim. P. 32.16(c). (*Id.* at 12–13.)

  Petitioner's remaining objections are grounds specific. As to Petitioner's Sixth Amendment claim (Ground I), Petitioner argues that his claim is meritorious, and he has shown that all four *Barker* factors weigh in his favor. (*Id.* at 14.) As to Petitioner's Fourteenth Amendment claim (Ground II), Petitioner asserts that he has shown "he is actually innocent." (*Id.* at 15.) As to Petitioner's due process, equal protection, and access to the courts claim (Ground IV), Petitioner contends that this claim is legally cognizable given the deficiencies of the prison library. (*Id.* at 15–18.)

## II. LEGAL STANDARD

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection").

## III. DISCUSSION

### A. Timeliness

Petitioner first objects to the R&R's finding that his petition is untimely. (Doc. 21 at 11–12.) Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must file their federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

#### 1. Statutory Tolling

AEDPA's one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction relief ["PCR"] or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.

1  § 2244(d)(2). As the Ninth Circuit recently clarified, a state application for post-conviction relief is no longer "pending" when "no other state avenues for relief remain open." *Melville v. Shinn*, 68 F.4th 1154, 1160–61 (9th Cir. 2023) (quoting *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Specifically, in *Melville*, the petitioner's PCR application was no longer "pending" when the deadline to file a motion for reconsideration expired, not when the appellate court had issued its mandate. *Id.*

In this case, Petitioner filed his PCR petition on May 20, 2019, thereby entitling him to statutory tolling during the pendency of his PCR proceedings. (Doc. 16 at 5.) The PCR court dismissed the application on November 18, 2019. (*Id.* at 6.) Petitioner then sought review with the Arizona Court of Appeals, which denied review on January 7, 2021. (*Id.*) On January 27, 2021, Petitioner filed a motion for reconsideration, which the appellate court denied on February 8, 2021. (*Id.* at 6–7.) Petitioner's remaining state avenue for relief was with the Arizona Supreme Court; however, Petitioner never sought review, and the time for filing a petition expired twenty days later, on March 1, 2021. (*Id.* at 7.) On June 15, 2022, Petitioner filed a Petition for Writ of Habeas Corpus. (*Id.* at 1.)

Turning to his objections, Petitioner does not dispute that on March 1, 2021, the time to file a petition for review to the Arizona Supreme Court expired. (Doc. 21; Doc. 16 at 7.) He also does not dispute that under *Melville v. Shinn*, March 1, 2021 is the date on which "no other state avenues for relief remain open," thereby marking the end of his PCR proceedings and starting the clock for AEDPA's one-year statute of limitations. 68 F.4th at 1160. Rather, Petitioner argues that "[i]t is unfair to hold Petitioner retroactively to the new authority of *Melville*." (Doc. 21 at 11.) According to Petitioner, is "a new constitutional rule of criminal procedure with different standards that did not exist in 2022" and applying *Melville* in this case would "violate[] the *Teague* non-retroactivity doctrine." (*Id.*)

Petitioner's argument fails, however, because *Melville* is not a "new constitutional rule of criminal procedure" within the meaning of the non-retroactivity doctrine announced in *Teague v. Lane*, 489 U.S. 288 (1989). "The general rule under

*Teague*—subject only to narrow exceptions—is that federal habeas corpus petitioners may not avail themselves of new rules of criminal procedure." *Lewis v. United States*, 985 F.3d 1153, 1158 (9th Cir. 2021) (citing *Beard v. Banks*, 542 U.S. 406, 408 (2004)) (cleaned up). A rule is "new" within the meaning of *Teague* "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301.

Applying this definition, *Melville* cannot be classified as a "new rule." In *Melville*, the Ninth Circuit expressly relied on *Lawrence v. Florida*, a 2007 Supreme Court case holding that, "State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open." 549 U.S. at 332. Citing to *Lawrence*, the Ninth Circuit determined that a post-conviction relief application is pending until "no other state avenues for relief remain open." *Melville*, 68 F.4th at 1161 (quoting *Lawrence*, 549 U.S. at 332). As the above demonstrates, *Melville* is not a "new" rule—as it expressly relies on existing precedent.

Moreover, the *Teague* non-retroactivity doctrine is concerned with new constitutional rules, whereas, *Melville* merely interprets the meaning of "pending" under 28 U.S.C. § 2244(d)(2). "Courts must apply judicial decisions announcing new interpretations of criminal procedural rules 'retroactively to all cases, state or federal, pending on direct review or not yet final.'" *Reyes v. Garland*, 11 F.4th 985, 991 (9th Cir. 2021) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). This Court is bound by the Ninth Circuit's interpretation of criminal procedural rules. Therefore, the Court overrules Petitioner's objection that *Melville* does not apply. (Doc. 16 at 7.)

### 2. Equitable Tolling

Petitioner also argues that he is entitled to equitable tolling. (Doc. 21 at 12.) In limited circumstances, AEDPA's statute of limitations may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). To justify equitable tolling, a petitioner must show "(1) that he has been pursuing his

rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In most cases, equitable tolling is unavailable. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). "Indeed 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Id.* at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)) (alteration in original).

Petitioner contends that he is entitled to equitable tolling because he has "shown extraordinary circumstances due to COVID" and that he "was locked down . . . without his legal papers for over eight (8) months" and that "[t]he prison library was closed for over one (1) year." (Doc. 21 at 12.) But Petitioner has not presented any evidence to suggest how the pandemic prevented him from timely filing his petition. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2002) (holding that the lack of access to library materials does not automatically qualify as grounds for equitable tolling); *Brown v. Holbrook*, No. 21-35605, 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023) (holding that the COVID-19 pandemic was not an "extraordinary circumstance" to entitle petitioner to equitable tolling when petitioner "fail[ed] to explain how the pandemic generally had an 'extraordinary' influence in this particular situation"); *Dones v. Allison*, No. 22-cv-282-MMA (BLM), 2022 WL 17979758, at *5 (S.D. Cal. Dec. 28, 2022) (declining to apply equitable tolling where petitioner did not explain how the lack of access to the law library, phone calls, and standard mail due to the COVID-19 pandemic prevented him from timely filing his petition). Accordingly, the Court overrules Petitioner's objection that equitable tolling applies here.

### 3. Actual Innocence

Petitioner repeatedly contends that he is "factually innocent." (Doc. 21 at 1, 12, 15, 18.) "[A]ctual innocence, *if proved*, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (emphasis added). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United*

*States*, 523 U.S. 614, 615 (1998). Petitioner, however, has not presented evidence of his factual innocence but rather argues—without support—that the evidence for his theft and fraudulent artifices convictions is legally insufficient. (Doc. 22 at 2–6.) Because Petitioner has not presented any evidence of his innocence, Petitioner's objection is overruled. The Court adopts the R&R's finding that the petition is untimely by 3.5 months, without excuse. (Doc. 16 at 9.)

### B.     Procedural Default

Petitioner objects to the R&R's finding that his claims are procedurally defaulted, arguing that the Arizona Court of Appeals "confused the standards of review" when denying his motion for reconsideration in the post-conviction proceedings. (Doc. 21 at 12–13.) Although lacking in clarity, Petitioner appears to argue that the appellate court erroneously applied the abuse of discretion standard of review, instead of Arizona Rule of Criminal Procedure 32.16(c)(2)(D), which provides that a petition for review must state "reasons why the appellate court should grant the petition." (*Id.*) According to Petitioner, "[n]owhere in Ariz. R. Crim. P. 32.16(c)(2)(D) does it mention the 'trial court' or 'abuse of discretion' making it obvious that the Appeals court ruling was a mistake." (Doc. 15 at 8.)

Petitioner is incorrect. In denying Petitioner's motion for reconsideration, the Arizona Court of Appeals held:

> [Petitioner] does not state why he believes the court improperly dismissed his petition, much less explain how it abused its discretion by doing so. *See* Ariz. R. Crim. P. 32.16(c)(2)(D) (petition for review must contain "reasons why the appellate court should grant the petition"); *Roseberry*, 237 Ariz. 507, ¶ 7.

(Doc. 8-2 at 158.) Rule 32.16(c) governs the content of petitions for review, and under its requirements, Petitioner had to "provide reasons why the appellate court should grant the petition." Ariz. R. Crim. P. 32.16(c)(2)(D). *State v. Roseberry* holds that the appellate court "will not disturb [the trial court's] ruling unless the court abused its discretion." (Doc. 8-2 at 157.) The court did not "confuse the standards of review," as suggested by

Petitioner; rather, it applied the abuse of discretion standard to the trial court's determination that Petitioner did not comply with Rule 32.16(c). Accordingly, Petitioner's objections as to procedural default are overruled, and the Court adopts the R&R's finding that Grounds I, II and III are procedurally defaulted. (Doc. at 11, 15.)[*]

### C. Ground IV

Lastly, Petitioner objects to the R&R's finding that Ground IV lacks merit, contending that his "Access to the Court, Due Process and Equal Protection" rights have been denied by virtue of the "grossly deficient" prison library. (Doc. 21 at 15–18.) The R&R correctly determined that Ground IV is not a cognizable claim on federal habeas review because it relates to conditions of confinement. (Doc. 16 at 13.) "[A Section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Because this case is a federal habeas proceeding, the Court overrules Petitioner's objection as to Ground IV.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Strike (Doc. 23) is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 20) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 16) is accepted.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is dismissed with prejudice.

**IT IS FURTHER ORDERED** denying the issuance of a certificate of appealability and leave to proceed in forma pauperis on appeal because Petitioner has not

---

[*] Petitioner does not challenge the R&R's finding that Ground II is procedurally defaulted; therefore, the Court accepts and adopts the R&R's findings as to Ground II. *Reyna-Tapia*, 328 F.3d at 1121. Because Petitioner does not raise other objections to the R&R's finding that Grounds I, II and III are procedurally defaulted, the Court need not consider Petitioner's remaining objections.

demonstrated that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 16th day of November, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge